UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TERRY BERGSIEKER, | ) |
| Plaintiff, | ) No. 4:14-CV-1213 RLW |
| v. | ) |
| MCDONALD'S CORPORATION, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Remand (ECF No. 10). This matter is fully briefed and ready for disposition.

## LEGAL STANDARD

Removal statutes are strictly construed, and any doubts about the correctness of removal are resolved in favor of state court jurisdiction and remand. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993); *Manning v. Wal-Mart Stores East, Inc.*, 304 F. Supp. 2d 1146, 1148 (E.D. Mo. 2004) (citing *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997)). The party seeking removal and opposing remand has the burden of establishing jurisdiction. *Cent. Iowa Power Coop. v. Midwest Indep. Transmission Sys. Operator*, 561 F.3d 904, 912 (8th Cir. 2009); *City of Univ. City, Missouri v. AT & T Wireless Services, Inc.*, 229 F. Supp. 2d 927, 929 (E.D. Mo. 2002).

A civil action brought in state court may be removed to the proper district court if the district court has original jurisdiction of the action. 28 U.S.C. § 1441(a). Federal district courts

have original jurisdiction in all civil actions between citizens of different states if the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *Manning*, 304 F.Supp.2d at 1148 (citing 28 U.S.C. § 1332(a)(1)).

## BACKGROUND

On June 3, 2014, Terry Bergsieker ("Bergsieker") filed this action in the Circuit Court of the Eleventh Judicial Circuit, State of Missouri, alleging a claim for violation of the Missouri Human Rights Act ("MHRA") for hostile work environment. (Petition for Damages-Hostile Work Environment in Violation of the Missouri Human Rights Act (hereinafter "Complaint," ECF No. 3). Bergsieker named McDonald's Corporation ("McDonald's"), Anthony McVean, and Cornelius Ruffin as defendants in her Complaint. Bergsieker alleges that McVean and Ruffin are Missouri residents.

Defendant McDonald's removed this action to this Court on July 7, 2014, asserting diversity jurisdiction pursuant to 28 U.S.C. §§1332, 1446. (Notice of Removal, ECF No. 1). In the Notice of Removal, McDonald's maintains that this action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs. McDonald's states that that Bergsieker has alleged actual damages in excess of $25,000, punitive damages, compensatory damages for her depression, interest, cost of suit, and attorney's fees. (Notice of Removal, ¶3). Based upon these allegations, McDonald's also argues that the Complaint seeks in excess of $75,000. (Notice of Removal, ¶4). McDonald's suggests that individual defendants McVean and Ruffin were fraudulently joined to this suit as co-defendants because Bergsieker failed to exhaust her administrative remedies with respect to them. McDonald's maintains that the citizenship of McVean and Ruffin should not be considered for purposes of determining diversity jurisdiction.

## **DISCUSSION**

In the Motion to Remand, Bergsieker contends that McDonald's has not demonstrated that the amount in controversy exceeds $75,000 or that there is complete diversity of the parties. Because the issue of diversity is dispositive, the Court addresses only that issue.

In the Notice of Removal, McDonald's claims that there is complete diversity because McVean and Ruffin are fraudulently joined to this action. McDonald's maintains that Bergsieker did not name McVean and Ruffin as parties or respondents in her Charge of Discrimination with the Missouri Commission on Human Rights ("MCHR") and, therefore, Bergsieker did not exhaust her claims against them and they must be dismissed as parties.

Bergsieker filed her original Charge of Discrimination with the MCHR on August 28, 2012. (ECF No. 14-2). Bergsieker only named McDonald's in her Charge of Discrimination. In the Charge particulars, Bergsieker states that she was sexually harassed by two managers. She states that she complained to her store manager (who was McVean in 2012, but who is not identified by name). Bergsieker does not mention Ruffin (area supervisor) by name or title in her Charge. Bergsieker states that the last date that discrimination took place was on August 6, 2012, but marks that this is a "continuing violation."

She filed an amended Charge of Discrimination on July 21, 2014. In her amended Charge of Discrimination she named McDonald's, Anthony McVean, and Cornelius Ruffin. (ECF No. 14-5). The amended Right to Sue letter was issued on July 31, 2014, and Bergsieker filed a new lawsuit in the Circuit Court of St. Charles County against McDonald's, McVean, and Ruffin. (ECF No. 14-6). That lawsuit has also been removed to this Court. *See Bergsieker v. McDonald's*, 4:14cv1419 (E.D. Mo.).

In her Complaint, Plaintiff alleges that McVean, as Plaintiff's supervisor and store manager, and Ruffin, as McDonald's area supervisor, "did in fact participate and/or cause or contribute to cause the illegal discrimination described herein." (Complaint, ¶¶3-4).

In support of her Motion to Remand, Bergsieker asserts that McVean and Ruffin were not fraudulently joined. She states that McVean and Ruffin are personally liable because they failed to respond to her requests for remedial action. (ECF No. 21 at 9). She claims that McVean and Ruffin's interests are aligned with McDonald's. (ECF No. 21 at 10). Further, Bergsieker argues that McVean and Ruffin were involved (or should have been involved) in the MCHR proceedings such that they have not been prejudiced. (ECF No. 21 at 11). In fact, Bergsieker notes that McVean offered his apology during the conciliation process. (ECF No. 21 at 11). In the alternative, Bergsieker argues that her cause of action is still "colorable" under state law because received a Right to Sue letter on or around August 3, 2014 in response to her amended Charge of Discrimination letter that cured her alleged failure to exhaust her administrative remedies. (ECF No. 21 at 6).

In response, McDonald's claims that Bergsieker was required to name McVean and Ruffin as respondents in the Charge of Discrimination in order for them to be named as defendants in this litigation. (ECF No. 14 at 8-9 (citing *Hill v. Ford Motor Co.*, 277 S.W. 3d 659, 669 (Mo. 2009)). McDonald's claims that Bergsieker's failure to name McVean and Ruffin provided them with no notice that they were being accused individually of discrimination and that they were actually prejudiced by not being able to respond to the Charge of Discrimination and could not participate in the conciliation process. (ECF No. 14 at 8-9). Finally, McDonald's claims that the amended Charge of Discrimination does not cure Bergsieker's failure to exhaust her claims.

"Fraudulent joinder does not exist where 'there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved.'" *Block v. Toyota Motor Corp.*, 665 F.3d 944, 948 (8th Cir. 2011) (quoting *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 446 (8th Cir. 2010)). "[I]n situations where the sufficiency of the complaint against the non-diverse defendant is questionable, 'the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide.'" *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 811 (8th Cir.2003) (quoting *Iowa Pub. Serv. Co. v. Med. Bow Coal Co.*, 556 F.2d 400, 406 (8th Cir. 1977)).

As noted in *Bock v. Liberty Rest. Grp., L.P.*, 4:13CV0781 AGF, 2013 WL 4504375 (E.D. Mo. Aug. 23, 2013), under Missouri law, "'[t]he MHRA permits suit to be brought against supervisory employees ... not just against the company itself, and the failure to make [a supervisory employee] a party at the administrative action before the ... MHRC will bar suit against [a supervisory employee] only if it resulted in prejudice." *Id.*, at *2 (quoting *Hill*, 277 S.W.3d at 662). McDonald's encourages the Court to utilize the *Hill* Court's four factor test to determine if the failure of a plaintiff to name a defendant in the administrative charge is fatal to a later judicial claim against that defendant:

> 1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; 2) whether, under the circumstances, the interests of a named are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; 3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

*Hill*, 277 S.W.3d at 669-70 (citing *Glus v. G.C. Murphy Co.*, 562 F.2d 880, 888 (3rd Cir. 1977)). McDonald's urges this Court to apply this four factor test and analyze whether there is a "substantial identity of interest" between the parties sued and those actually named in the administrative charge in order to determine whether joinder was proper. (ECF No. 14 at 10); *see Borders v. Trinity Marine Prods., Inc.*, No. 1:10CV 146 HEA, 2010 WL 5139343, *2-3 (E.D. Mo. Dec. 9, 2010) (finding no identity of interest and denying remand based upon a finding of fraudulent joinder). However, several courts in this district have declined to adopt the four-factor "substantial identity of interest" test because "the Eighth Circuit in *Filla* mandated that the Court's inquiry is limited only to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved, not to definitively settle the ambiguous question of state law." *Jones v. Valspar Corp.*, 4:11-CV-00379-NKL, 2011 WL 3358141, at *3 (W.D. Mo. Aug. 3, 2011).

Applying the Eighth Circuit's charge in *Filla*, the Court holds that "there is arguably a reasonable basis for predicting that the state law might impose liability" on McVean in this case. *Bock*, 2013 WL 4504375, at *3 (citing *Block*, 665 F.3d at 948). The Court finds that McVean, the store manager, was identified in the Charge of Discrimination as someone to whom Bergsieker complained but who failed to take any action. (ECF No. 14-2). The Court holds that this evidence provides an arguably reasonable basis for predicting that the state courts would find that Bergsieker sufficiently exhausted her claims against McVean. *See Hill*, 277 S.W.3d at 670 (emphasis in original)(quoting *Glus*, 562 F.2d at 888)("equally important is the availability of complete redress of legitimate grievances without undue encumbrance by procedural requirements *especially when demanding full and technical compliance would have no relation to the purposes for requiring those procedures in the first instance.*"); *Jones*, 2011 WL 3358141,

at *3 (quoting *Cobb v. Stringer*, 850 F.2d 356, 359 (8th Cir. 1988)("'[b]ecause persons filing charges with the [administrative agencies] typically lack legal training, those charges must be interpreted with the utmost liberality in order not to frustrate the remedial purposes of [the statute].'"). Thus, the Court follows the clear precedent in this district that the issue of whether Bergsieker's claim against McVean and Ruffin can proceed is better left for review by the state court. *See Bock*, 2013 WL 4504375, at *3; *Junk*, 628 F.3d at 446; *Filla*, 336 F.3d at 811. *Fernandez v. GMRI, Inc.*, 4:11CV00244 AGF, 2011 WL 6884797, at *3 (E.D. Mo. Dec. 29, 2011); *Jameson v. Gough*, 4:09CV2021RWS, 2010 WL 716107, at *4 (E.D. Mo. Feb. 24, 2010). Because complete diversity does not exist between the parties, the Court remands this action to the Circuit Court of the Eleventh Judicial Circuit, State of Missouri.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (ECF No. 10) is **GRANTED**. This matter shall be remanded to the Circuit Court of the Eleventh Judicial Circuit, State of Missouri for further proceedings. An order of remand accompanies this Order.

Dated this 21st day of November, 2014.

*Ronnie L. White*
_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**